UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:02-CR-190 |
| | § | |
| KRAIGGERY JOE BURRESS | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed December 8, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I. The Original Conviction and Sentence

Defendant was sentenced on July 23, 2003, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of possessing with intent to distribute 50 grams or more but less than 500 grams of methamphetamine, a Class B felony.  This offense carried a statutory maximum imprisonment term of 40

years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of II, was 121 to 151 months. Defendant was subsequently sentenced to 135 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment; mental health treatment; and a $100 special assessment.

On October 8, 2004, defendant's sentence was amended to reflect an imprisonment term of 108 months followed by 5 years supervised release. On April 13, 2006, his sentence was amended a second time to reflect an imprisonment term of 48 months followed by 5 years supervised release.

## II. The Period of Supervision

On July 14, 2006, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on December 8, 2006. The petition alleges that defendant violated the following conditions of release:

    Mandatory Condition:    Defendant shall not commit another federal, state, or local crime.

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition: | Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that defendant was arrested by the Beaumont Police Department on October 17, 2006, and charged with aggravated assault; submitted a urine specimen which tested positive for cocaine on December 3, 2006; failed to submit a written report for the month of September, 2006; failed to secure full time employment; failed to attend multiple group and individual drug counseling sessions; and failed to submit urine specimens as directed.

### IV. Proceedings

On March 19, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen testing positive for cocaine.  The government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen testing positive for cocaine.  Defendant asked the court to recommend a sentence in the lower to middle range of the sentencing guidelines.  The government argued that the court should recommend the highest sentence recommended by the guidelines.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by

submitting a urine specimen testing positive for cocaine, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

<u>Findings:</u>

Defendant pleaded "true" to the allegation that hhe violated a mandatory condition of supervised release by submitting a urine specimen testing positive for cocaine. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 4 to 10 months imprisonment upon revocation.

<u>Conclusion:</u>

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by submitting a urine specimen testing positive for cocaine, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of seven (7) months.

4. Upon release of imprisonment, defendant should be placed on supervised release for a term of four (4) years. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her efforts to obtain and maintain lawful employment.

   b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

   c. Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

   d. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

   e. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 21 day of March, 2007.

_____
Earl S. Hines
United States Magistrate Judge